# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Malcolm Terry (#2013-0324098), | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 15 C 2668 |
| | ) | |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| Chicago Police Department, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Malcolm Terry's Amended Complaint (Dkt. No. 23) alleges constitutional violations arising out of an arrest on March 22, 2013. Plaintiff alleges that police entered his acquaintance's home without a warrant and subjected him to unlawful arrest, illegal search, and excessive force on arrest. Plaintiff alleges that he was arrested pursuant to an invalid investigative alert and the police personnel who issued the investigative alert subjected him to false arrest. Plaintiff names as Defendants in his amended complaint Chicago Police Officers Levigne, Nesis, Murphy, Munizzi, Fernandez, Gorman, Metcalf, Grimaldo, and Fidler, and Chicago Police Detective Garza.

Defendants move to dismiss the Amended Complaint for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 30.) In their motion to dismiss, Defendants argue that the claims against all Defendants should be dismissed because they are untimely according to the statute of limitations. They additionally assert that the Court should dismiss any claim of excessive force based upon the force used against Plaintiff's acquaintance, Monet Madkins. Defendants also argue for dismissal of the action asserting that Plaintiff has no free-standing constitutional claim based on his arrest pursuant to an investigative alert or failure to

intervene. Based upon the facts pleaded in Plaintiff's amended complaint and the law governing statute of limitations, Defendants' motion is granted.

## BACKGROUND

Plaintiff alleges that on March 22, 2013, at approximately 10:00 a.m., Plaintiff was at a friend's apartment located at 6127 S. Morgan in Chicago, Illinois. Plaintiff alleges that he was in the apartment with an acquaintance, Monet Madkins. Plaintiff further alleges that he heard a loud bang, followed by shouts of "police" and "CPD open up," and he told Ms. Madkins to go into the bedroom to "avoid detection." He alleges that she went into the bedroom and he followed suit.

Plaintiff pleads that the police continued to yell and bang, stating that they had a warrant and threatening to break down the door. At some point, Robert Madkins arrived and opened the door and Defendants, Officers Levigne, Nesis, Murphy, Munizzi, Fernandez, Gorman, Metcalf, and Grimaldo entered the apartment, knocking Robert Madkins to the ground. Monet Madkins then charged out of the bedroom, telling Defendnants to get out of the apartment and attempting to prevent Defendants from gaining access to the bedroom where Plaintiff was attempting to avoid detection. Defendants pushed Monet Madkins aside and Plaintiff slammed the bedroom door, placing his back against the door to bar Defendants' entry. Plaintiff alleges he heard the sound of metal banging against the door and he surrendered after police threatened to shoot through the door.

Plaintiff asserts that Defendants had no warrant to enter the Madkins' apartment, but that he was arrested on the basis of an investigative alert, with probable cause. Plaintiff's prosecution, based on the arrest in question, and the subsequent charge of first-degree murder remains pending. Plaintiff's amended complaint includes an allegation of false arrest against

Chicago Police Detective Garza, Chicago Police Officer Fidler, and two John Does because they issued and approved the investigative alert.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Lodholtz v. York Risk Servs. Group, Inc.*, 778 F.3d 635, 639 (7th Cir. 2015) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (*quoting Twombly*, 550 U.S. at 555). The Court "construe[s] all well-pleaded facts and draw[s] all inferences in the light most favorable to the nonmoving party." *See Vesely v. Armslist* LLC, 762 F.3d 661, 664 (7th Cir. 2014).

A plaintiff may plead himself out of court under Rule 12(b)(6) by alleging and thereby admitting the elements of an affirmative defense. *See United States Gypsum Co. v. Ind. Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003).

## DISCUSSION

In their motion to dismiss, Defendants make multiple arguments regarding individual Defendants and Claims, and one argument (statute of limitations) that has the capacity to dispose of the case, as a whole. As such, the Court addresses the timeliness of Plaintiff's suit first.

**I. Statute of Limitations**

Defendants seek dismissal of Plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff''s claims are time-barred as a matter of law. The Seventh Circuit recently has been very clear in its assessment of the limitations periods: "[O]n the subject of the statute of limitations …. [w]hat a complaint must plead is enough to show that the claim for relief is plausible. Complaints need not anticipate defenses and attempt to defeat them. The period of limitations is an affirmative defense…. We have held many times that, because complaints need not anticipate defenses, Rule 12(b)(6) is not designed for motions under Rule 8(c)(1)." *Richards v. Mitcheff*, 696 F.3d 635, 637-38 (7th Cir. 2012) (internal citations omitted); *see also United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623 (7th Cir. 2003); *United States v. Northern Trust Co.*, 372 F.3d 886 (7th Cir. 2004); *Xechem, Inc. v. Bristol—Myers Squibb Co.*, 372 F.3d 899 (7th Cir. 2004). In *Richards*, the Court concluded by reminding judges to "respect the norm that complaints need not anticipate or meet potential affirmative defenses." *Id.* at 638.

Despite these admonitions, the Seventh Circuit also has consistently reaffirmed that a plaintiff may plead himself out of court by alleging facts that are sufficient to establish a statute-of-limitations defense. *See Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 675 (7th Cir. 2009) (dismissal is appropriate where it is "clear from the face of the amended complaint that it [was] hopelessly time-barred"); *Andonissamy v. Hewlett–Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008) (stating that "[a] statute of limitations defense, while not normally part of a motion under Rule 12(b)(6), is appropriate where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations") (internal quotations

omitted); *U.S. Gypsum Co. v. Ind. Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003) ("A litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense"); *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) ("Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)."); *see also Baldwin v. Metro. Water Reclamation Dist. Of Greater Chicago*, 487 Fed. Appx. 304, 2012 WL 5278614, at *1 ("A plaintiff whose allegations show that there is an airtight defense has pleaded himself out of court, and the judge may dismiss the suit on the pleadings….") (quoting *Richards*, 696 F.3d at 637).

In the present case, Plaintiff has pled facts necessary to raise a statute of limitations inquiry, leaving the Court to consider whether Plaintiff's claims are time-barred. Where a plaintiff has pled facts which arguably establish an affirmative defense and both sides have briefed the issue, practical considerations—such as discovery costs, attorneys' fees, and judicial efficiency—provide courts with ample reasons to resolve a dispositive point of law early in a case, whether the parties have briefed the question as a 12(b)(6) or a 12(c) issue. In either case, a court's decision rests on the pleadings and whether a plaintiff has affirmatively pled herself out of court.

The length of the limitations period for a § 1983 action is determined by reference to state law personal injury torts. *Owens v. Okure*, 488 U.S. 235, 240-41, 249-50, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989) (*quoting and clarifying Wilson v. Garcia*, 471 U.S. 261, 280, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985)). In Illinois, the pertinent limitations provision requires a would-be plaintiff to bring suit within two years of a cause of action's accrual. 735 ILCS 5/13-202; *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007). The limitations clock on an action

brought pursuant to § 1983 for false arrest and excessive force begins to run at the time the that claimant was arrested or injured. *See Washington v. Summerville*, 127 F.3d 552, 556 (7th Cir. 1997) ("the statute of limitations on [plaintiff's false arrest and excessive force] claims began to run when he knew or should have known that his constitutional rights had been violated—the date of his arrest"); *Hudson v. Cassidy*, 2006 U.S. Dist. LEXIS 88653, 2006 WL 3524420, at *3 (N.D. Ill. Dec. 5, 2006) (excessive force is immediately felt and an excessive force claim accrues immediately).

For Plaintiff, that means that the limitations period began to run on March 22, 2013. In Defendants' estimation, Plaintiff pled himself out of court as to his claims against the individual officers by including certain dated facts (and facts of which the Court may take judicial notice) in his amended complaint: Plaintiff was arrested on March 22, 2013; a state court judge found probable cause to further detain Plaintiff, pursuant to *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975), on a charge of first-degree murder; Plaintiff submitted his initial complaint (dated March 17, 2015) on March 26, 2015, asserting claims against the Chicago Police Department, then Superintendent of Chicago Police, Garry McCarthy, and an unknown officer; and Plaintiff filed his amended complaint, naming the individual Chicago Police personnel whom he alleges violated his rights on January 22, 2016.

Plaintiff did not name the individual officers as parties to this case until he filed his amended complaint on January 22, 2016. Amended suits, which add new parties after the two-year period, are untimely and must be dismissed unless relation back applies or the running of the statute of limitations is tolled. *See, e.g., Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 561-2 (7th Cir. 1996). Thus, Plaintiff's claims against the individual officers survive only if the

filing of the amended complaint relates back to the filing of the original complaint under Federal Rule of Civil Procedure 15(c) or equitable principles apply.

**A. Relation Back**.

The Seventh Circuit has long interpreted the third prong of Rule 15(c)(1) "to permit an amendment to relate back to the original complaint only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000) (internal quotation marks omitted) (*citing Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998)); *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993); *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980)).

The Seventh Circuit has "repeatedly reiterated that 'relation back' on grounds of 'mistake concerning the identity of the proper party' does not apply where the plaintiff simply lacks knowledge of the proper defendant." *Hall v. Norfolk Southern Ry. Co*, 469 F.3d 590, 595 (7th Cir. 2006); *see also Baskin*, 138 F.3d at 704. The court of appeals has emphasized that Rule 15(c)(1) contains a "mistake" requirement that is independent from the determination of whether the new party knew that the action would be brought against it. *King*, 201 F.3d at 914 (*citing Baskin*, 138 F.3d at 704; *Worthington*, 8 F.3d at 1257; *Wood*, 618 F.2d at 1230). In fact, "in the absence of a mistake in the identification of the proper party, it is irrelevant for purposes of [Rule 15(c)(1)] whether or not the purported substitute party knew or should have known that the action would have been brought against him." *Baskin*, 138 F.3d at 704 (*citing Wood*, 618 F.2d at 1230).

A plaintiff has the burden of determining who is liable for her injuries and of doing so before the statute of limitations runs out. *Hall*, 496 F.3d at 596; *see also Gavin v. AT&T Corp.*,

543 F. Supp. 2d 885, 2008 WL 400697, at *13 (N.D. Ill. 2008). As summed up by the Seventh Circuit:

> Whether a plaintiff names a fictitious defendant like "John Doe" because he does not know who harmed him or names an actual – but nonliable – [ ] company because he does not know which of two companies is responsible for his injuries, he has not made a "mistake" concerning "identity" within the meaning of [Rule 15(c)(1)]. He simply lacks knowledge of the proper party to issue. It is the plaintiff's responsibility to determine the proper party to sue and to do so before the statute of limitations expires. A plaintiff's ignorance or misunderstanding about who is liable for his injury is not a "mistake" as to the defendant's "identity."

*Hall*, 496 F.3d at 596.

In the present case, as in *Hall*, Plaintiff filed his original complaint almost two years after the event giving rise to his claims occurred. Plaintiff's failure to determine the names of the officers (or other Defendants) who might be liable suggests lack of knowledge of the proper defendants, rather than a mistake in identity, at least as those concepts are understood in this circuit's case law. As the court emphasized in *Hall*, for at least a quarter of a century, the Seventh Circuit consistently has upheld a "narrower" view of what constitutes a Rule 15(c) "mistake." *Id*. Under that construction of Rule 15(c), it is the plaintiff's burden to identify the proper party within the applicable limitations period, and there is no recourse under the relation back doctrine if the plaintiff's "mistake" amounts to a lack of knowledge of the proper party at the time the complaint is filed and the plaintiff does not seek leave to amend the complaint to remedy that "mistake" until after the expiration of the limitations period. *See Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008) ("[a] plaintiff cannot, after the statute of limitations period, name as defendants individuals that were unidentified at the time of the original pleading. Not knowing a defendant's name is not a mistake under Rule 15."). In the present case Plaintiff did not make a

mistake regarding the identity of the individual officers within the meaning of Rule 15(c)(1). He simply did not know the names of the individual officers or other police personnel.

Here, Plaintiff filed his original complaint almost two years after the events giving rise to the complaint occurred and immediately before the statute of limitations was set to run on his claims. He did not make the type of mistake of fact at issue in *Krupski v. Costa Cruciere S. p. A.*, 560 U.S. 538, 130 S. Ct. 2485, 177 L. Ed. 2d 48 (2010), in which the Court found that the plaintiff "conflated two possible defendants because of an error in her understanding of their roles in the case and relationship to one another." *Id*. at 554. In this case, the only reason that Plaintiff did not name the individual officers in the original complaint was Plaintiff's lack of knowledge about their names, not a mistake concerning their identity. *See also Fleece v. Volvo Construction Equipment Korea, Ltd.*, 2012 U.S. Dist. LEXIS 6750, 2012 WL 171329, at *4 (N.D. Ill. Jan. 20, 2012) (collecting cases) ("Following *Krupski*, numerous lower courts have held that *Krupski* precludes relation back when a plaintiff made an affirmative choice not to discover the identity of the new defendant"); *Demouchette v. Sheriff of Cook County*, 2011 U.S. Dist. LEXIS 39605, 2011 WL 1378712, at *2 (N.D. Ill. Apr. 12, 2011). Relation back would be improper in this case.

### B.     Equitable principles

"Equitable estoppel prevents a party from asserting the expiration of the statute of limitations as a defense when that party's improper conduct has induced the other into failing to file within the statutory period." *Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). Federal estoppel law "focuses on whether the defendant acted *affirmatively* to stop or delay the plaintiff from bringing suit within the limitations period" (*id*. (*quoting Smith v Chicago Heights*, 951 F.2d 834, 841 (7th Cir. 1992)) (emphasis in original)), and "comes into play if the defendant

takes active steps to prevent the plaintiff from suing in time." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990). To invoke equitable estoppel, "a plaintiff must show not only misconduct by the defendants, but also that he actually and reasonably relied on the misconduct." *Ashafa*, 146 F.3d at 463. Once the circumstance giving rise to the estoppel is removed, the plaintiff must file suit. *See Shropshear v. Corp. Counsel of City of Chicago*, 275 F.3d 593, 597-98 (7th Cir. 2001).

Somewhat different from equitable estoppel, when a limitations period is equitably tolled, the statute of limitations ceases to run for a period of time. *See, e.g., IPF Recovery Co. v. Ill. Ins. Guar. Fund*, 356 Ill. App. 3d 658, 826 N.E.2d 943, 947-48, 292 Ill. Dec. 507 & n.5 (Ill. App. Ct. 2005) ("equitable tolling is an exception to the general rule that a statute of limitations is not tolled absent authorization from a statute"). Although the accrual analysis in a § 1983 case is governed by federal law, the tolling analysis is governed by state law. *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006); *Shropshear v. Corp. Counsel of the City of Chicago*, 275 F.3d 593, 596 (7th Cir. 2001). The Seventh Circuit has stated that equitable tolling "permits a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on his part he was unable to sue before, even though the defendant took no active steps to prevent him from suing." *Singletary v. Cont'l Ill. Nat'l Bank & Trust Co. of Chicago*, 9 F.3d 1236, 1241 (7th Cir. 1993). Illinois Supreme Court precedent holds that "[e]quitable tolling … may be appropriate if the defendant has actively misled the plaintiff, or if the plaintiff has been prevented from asserting his or her rights in some extraordinary way." *Clay v. Kuhl*, 189 Ill. 2d 603, 727 N.E.2d 217, 223, 244 Ill. Dec. 918 (Ill. 2000); *Ciers v. O.L. Schmidt Barge Lines, Inc.*, 285 Ill. App. 3d 1046, 675 N.E.2d 210, 214, 221 Ill. Dec. 303 (Ill. App. Ct. 1996) ("Equitable tolling may be appropriate if defendant has actively misled plaintiff; plaintiff 'in some extraordinary way' has

been prevented from asserting his rights; or plaintiff has timely asserted his rights mistakenly in the wrong forum.").

Plaintiff asserts in his response to Defendants' motion that he made pre-suit FOIA requests to the Chicago Police Department, receiving no response, and thus, presumably, equitable estoppel prevents Defendants from asserting a statute of limitations defense. But Plaintiff's argument starts with the faulty premise that FOIA is a discovery tool. Instead, "FOIA's purpose is to ensure an informed citizenry, not to serve as a discovery tool" for plaintiffs or potential plaintiffs. *Hawkins v. DEA*, 347 Fed. Appx. 223, at *4-5 (7th Cir. Aug. 18, 2009); *Fazzini v. U.S. Dep't of Justice*, 1991 U.S. Dist. LEXIS 5861, 1991 WL 74649, at *3 (N.D. Ill. May 2, 1991) (*citing N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242, 98 S. Ct. 2311, 57 L. Ed. 2d 159 (1978)) ("The basic purpose of FOIA is to ensure an informed citizenry, to check against corruption and to hold the government accountable. However, FOIA was not intended to function as a private discovery tool.").

Plaintiff's decision to use FOIA, rather than to file a suit or use multiple other available avenues (described below) to identify the proper defendants, is not the fault of Defendants. *See, e.g., Fletcher v. Michigan Dept. of Corrections*, 2010 U.S. Dist. LEXIS 56757, 2010 WL 2376167, at *8 (E.D. Mich. June 9, 2010) (rejecting plaintiff's equitable argument that defendants fraudulently concealed the identity of "Joe Does" when it did not locate any records in response to plaintiff's counsel's multiple FOIA requests).

In *Hines v. City of Chicago*, the Seventh Circuit addressed an almost identical scenario and concluded that the plaintiffs' claims against the individual officers were time barred:

> The doctrine of equitable tolling allows a plaintiff to file a claim after the statute of limitations has expired, but only if she was unable to do so earlier despite the exercise of "reasonable diligence." *See Wilson v. Battles*, 302 F.3d 745, 748 (7th Cir. 2002); *Singletary v. Cont'l Ill. Nat'l Bank and Trust Co. of Chicago*, 9 F.3d

> 1236, 1242 (7th Cir. 1993). To show that they diligently tried to find out the names of the officers, the plaintiffs in this case point to a series of requests they made to officials in the Chicago Police Department between December 2000 and July 2001. The officials were unresponsive, either ignoring the plaintiffs' letters, referring them to other department officials, or refusing outright to provide the information. The plaintiffs finally got the information not from the police department but from the City's corporation counsel, in response to a subpoena issued in July 2002. They added the officers' names to the complaint soon thereafter.
>
> The district court dismissed the claim against the officers, concluding that the plaintiffs had not been reasonably diligent. We agree. The method that finally uncovered the officers' names—the use of discovery after the filing of the lawsuit—was available to the plaintiffs long before the statute of limitations expired. *See Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 & n. 3 (7th Cir. 1996) (discussing the use of discovery to identify unknown defendants) …. [Plaintiffs] have not explained why they failed to take advantage of discovery until July 2002.
>
> Instead, the plaintiffs argue that the City's failure to respond to their earlier requests, and its failure to identify the officers in its answer to the original complaint, should estop it from raising the statute-of-limitations defense on behalf of the officers. We addressed an almost identical argument in *Ashafa v. City of Chicago*, 146 F.3d 459 (7th Cir. 1998). As here, the plaintiff in *Ashafa* wished to bring a § 1983 claim against unknown police officers, but was unable to get the police department to release their names. In rejecting Ashafa's equitable-estoppel argument, we noted that the doctrine "requires that a defendant take active steps" to delay or prevent the filing of a suit, "such as destruction of evidence or promises not to plead the statute of limitations as a defense," *id*. at 462. The plaintiff must also show "that he actually and reasonably relied on the [defendant's] misconduct," *id*. at 463. In this case, the City did nothing more than refuse to release the officers' names. We do not see how this can have induced the plaintiffs to delay filing their suit; if anything, it put the plaintiffs on notice that they needed to file suit promptly in order to obtain the names through discovery.
>
> The plaintiffs failed to take timely advantage of available discovery procedures to find out the names of the police officers. And although the City did not fully cooperate with the plaintiffs' other investigative efforts, it did not take any active dissuasive steps on which the plaintiffs can be said to have relied.

*Hines v. City of Chicago*, 91 Fed. Appx. 501, 502-03 (7th Cir. 2004); *see also Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998) (affirming 12(b)(6) dismissal of §1983 claims, even though the city refused to provide plaintiff with the names of officers). Here, Plaintiff should not

have relied predominantly on a FOIA request to obtain information as to the names of officers involved in his arrest. When Plaintiff was unable to obtain the officers names through FOIA, he should have taken additional action to identify the offending officers.

Even if Defendants had improperly withheld the names of the individual officers requested under FOIA (the record is entirely unclear on this question), Plaintiff's subsequent, inaction cannot be equated with "reasonable reliance." *See Ashafa*, 146 F.3d at 463 (rejecting equitable estoppel claim even though the City of Chicago allegedly refused to provide the names of officers where plaintiff did not allege any instances in which the City represented that it was going to disclose the names of the officers to plaintiff); *Foryoh v. Hannah-Porter*, 428 F. Supp. 2d 816, 823 (N.D. Ill. 2006) (noting that "nothing in the pleadings or in the realm of reasonable inferences suggests that the putative Defendant … ever told or suggested to Mr. Foryoh that he was free to delay filing a federal civil rights lawsuit against her and that she would not invoke the otherwise applicable statute of limitations that would provide her with a complete defense under the law").

Plaintiff waited until 5 days before the statute of limitations expired (the complaint is dated March 17, 2015) to take any action after the first FOIA request. Plaintiff could have filed the lawsuit and named an official, such as Garry McCarthy (who he ended upnaming in his original complaint), in order to conduct early discovery to learn the identity of the individual officers. That way he would have had enough time to use initial disclosures or discovery requests to obtain the names of the individual officers. Courts in this district routinely allow plaintiffs to name an official, such as Garry McCarthy, for the sole purpose of allowing a plaintiff to conduct early discovery to learn the identity of John Doe defendants. *See, e.g., Donald v. Cook County Sheriff's Dep't,* 95 F.3d 548, 554-55 (7th Cir. 1996) (noting that a supervisory person without

actual liability, such as a sheriff, may be named as a defendant so that the plaintiff may conduct discovery to learn the identities of the real defendants); *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 790 (7th Cir. 1995); *Hall v. Sheahan*, 2001 U.S. Dist. LEXIS 1194, 2001 WL 111019, at *4 (N.D. Ill. Feb. 2, 2001); *Turner v. Dart*, 2012 U.S. Dist. LEXIS 151903, 2012 WL 5258869, at *2 (N.D. Ill. Oct. 17, 2012).

Alternatively, he could have filed a state court lawsuit and used pre-suit discovery tools available pursuant to Illinois Supreme Court Rule 224, which allows pre-suit discovery to determine the identity of a defendant, or Fed. R. Civ. P. 27, which allows an individual who anticipates filing a lawsuit but is not ready to do so to depose a witness to perpetuate testimony or evidence. In short, if Plaintiff had availed himself of litigation in a timely fashion, the rules, and governing case law would have provided him ample opportunity to identify the Defendants before his time to sue expired.

If Illinois courts conflate equitable tolling with equitable estoppel, Plaintiff has failed to show that Defendants played a direct role in preventing him from filing a law suit. If, on the other hand, Illinois courts view equitable tolling as the Seventh Circuit does, then the limitations period also can be tolled against a defendant who did not mislead the plaintiff or take active steps to prevent a plaintiff from suing if the plaintiff faced an extraordinary barrier to asserting his rights in a timely fashion or if through no fault or lack of diligence on his part a plaintiff was unable to sue. Extraordinary barriers include legal disability, an irredeemable lack of information, or situations where the plaintiff could not learn the identity of proper defendants through the exercise of due diligence. *Thede v. Kapsas*, 386 Ill. App. 3d 396, 897 N.E.2d 345, 351, 325 Ill. Dec. 97 (Ill. App. Ct. 2008). None of these extraordinary barriers exist in this case, as Plaintiff has pointed only to the lack of a response to his FOIA requests by the Chicago Police

Department as the reason why he could not sue within the statute of limitations. Because the Court has determined that Defendants' conduct does not rise to the level necessary for the application of equitable estoppel, Plaintiff's equitable tolling argument fails for substantially the same reason as her equitable estoppel argument: because Plaintiff did not exercise "all due diligence" in seeking out the offending officers' names.

As the Seventh Circuit has noted: "[I]gnoring deadlines is the surest way to lose a case. Time limits coordinate and expedite a complex process; they pervade the legal system, starting with the statute of limitations. Extended disregard of time limits (even the non-jurisdictional kind) is ruinous." *Henderson v. Bolanda*, 253 F.3d 928 (7th Cir. 2001) (affirming Rule 12(b)(6) dismissal of §1983 claim against individual officer as untimely). FOIA is not a discovery tool. Plaintiff could have filed suit at any time after he became aware that his FOIA request was being ignored or denied.

These circumstances do not warrant equitable tolling or equitable estoppel. *See Hoy v. City of Chicago*, 1994 U.S. Dist. LEXIS 5502, 1994 WL 162640, at *3-4 (N.D. Ill. Apr. 28, 1994) (granting motion to dismiss claims as time barred after plaintiff failed to get necessary information through a FOIA request because plaintiff had "other options available to her to discover the identity of party through discovery which she did not utilize"); *Edwards v. Two Unknown Male Chicago Police Officers*, 623 F. Supp. 2d 940, 952 (N.D. Ill. 2009) (holding that issuing a request for the production of documents within the limitations period is not enough to justify tolling without showing that the plaintiff "undertook any other action following the incident to attempt to ascertain the defendant officers' identities"). Thus, equitable principles do not apply and the Court grants the Defendants' motion to dismiss because the Complaint is untimely under the two-year statute of limitations.

## II. Defendants' other arguments

Defendants raise additional arguments in their motion, including arguments that Plaintiff had: no standing (Plaintiff has no standing to sue on behalf of Monet or Robert Madkins for illegal search or excessive force); no claim regarding an arrest pursuant to investigative alert (as opposed to a warrant); no claim for failure to intervene; and no claim for supervisory liability. Because the Court has determined that Plaintiff's claims are time-barred, the Court declines to analyze any of the other arguments presented. This case is dismissed and is closed on the Court's docket.

If Plaintiff wishes to appeal this final judgment, he may file a notice of appeal in this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also be assessed a "strike" under 28 U.S.C. § 1915(g). The Plaintiff is advised that, pursuant to that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury.

## CONCLUSION

The Court grants the Defendants' motion to dismiss (Dkt. No. 30) because Plaintiff's claims are time-barred under the applicable two-year statute of limitations. This case is closed on the Court's docket.

Date: __8/2/2016____

_____
Virginia M. Kendall
United States District Judge